UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CUNI MEDINA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No.  1:26-cv-04746-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PENDING MOTIONS<br><br>(Doc. Nos. 2, 3, 7) |

On June 22, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On June 25, 2026, the court construed petitioner's petition as containing a motion for temporary restraining order. (Doc. No. 6.) The court set a briefing schedule as to petitioner's construed motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided. (*Id.*) In addition, the court directed that if respondent opposed this court ruling on the underlying petition based upon the present briefing, then respondent was to so indicate and provide substantive reasons in support of that position. (*Id.*)

/////

1

On June 26, 2026, respondent filed an opposition to the motion for temporary restraining order and the declaration of deportation officer Joshua A. Manglona.  (Doc. Nos. 8, 8-1.)  Therein, respondent stated no opposition to the court ruling on the pending petition based upon the briefing presently before the court and stated that respondent was not  requesting a hearing.  (Doc. No. 8 at 2.)

Based upon a review of the briefing, the court finds the following facts.  On November 6, 1987, petitioner was ordered removed to Cuba.  (Doc. No. 8-1 at ¶ 7.)  It is unknown whether petitioner was detained pursuant to 8 U.S.C. § 1231 for any length of time, but petitioner was not in immigration custody prior to April 2, 2026.  (*Id.* at ¶ 8.)  On April 2, 2026, immigration authorities re-detained petitioner.  (*Id.*)  Cuba has not accepted petitioner and immigration authorities are currently evaluating petitioner for third country removal to Mexico.  (*Id.* at ¶ 10.)

In its opposition, respondent represents that petitioner was ordered removed to Cuba on November 6, 1987, that this removal order is final, and accordingly petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6).  (Doc. No. 8 at 2–4.)  Respondent concedes that the regulations located at 8 C.F.R. §§ 241.13, 241.4 apply to the revocation of petitioner's release.  (*Id.* at 4–5.)  As the undersigned found in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *4–5 (E.D. Cal. Aug. 20, 2025), revocation of release subsequent to a final order of removal may only occur if "on account of changed circumstances, it is determined that there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future."  Respondent does not provide any evidence that removal of petitioner to Cuba is now foreseeable, instead arguing only that petitioner can be removed to Mexico as a third country.  (*Id.* at 3.)  However, respondent fails to identify any steps that have been taken to process petitioner's removal to Mexico.  Moreover, as this court has previously explained, the "standing agreement between the United States and Mexico [regarding third-country removal of Cuban nationals] appears to be contingent upon the non-citizen's consent to be removed to Mexico[.]"  *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at

/////

/////

2

*3 (E.D. Cal. June 26, 2026).[1] Respondent does not provide any evidence that it has complied with any of the procedural requirements for revocation of release pursuant to 8 C.F.R. §§ 241.13, 241.4, such as providing a notice of revocation of release setting out the reason for the decision to revoke or an informal interview shortly after detention at which petitioner could have challenged the reasons for the revocation.[2] (Doc. No. 8 at 4.)

The court adopts its reasoning in *Yang* and *Ruiz-Acosta* and concludes accordingly that respondent has not demonstrated that it has properly revoked petitioner's release in compliance with its regulations and additionally concludes that respondent has not demonstrated changed circumstances as is required to justify revocation of release in this context. Accordingly, the court will grant petitioner's petition.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

/////

---

[1] Respondent appears to make the argument that petitioner's refusal to voluntarily depart to a country which he was not ordered removed to exhibits petitioner's "refusal to cooperate" which justifies continued detention pursuant to 8 U.S.C. § 1231(a)(6). (Doc. No. 8 at 4.) The court finds this argument to be disingenuous: Petitioner's removal to Mexico is only lawful provided that he voluntarily consents to it, as detailed above. As one district court has observed: "[I]f petitioner's removal to Mexico . . . or another country other than Cuba was lawful, then respondents would not need petitioner to 'accept' or consent to such removal. Respondents may not rely on petitioner's refusal to go along with their improper efforts to remove him to a third country as a basis for denying him habeas relief." *Boza-Rosales v. Blanche*, – F. Supp. 3d –,–, 2026 WL 1412456, at *3 (W.D. Wash. May 15, 2026). Respondent has not identified any contrary authority supporting its implicit assertion that petitioner is required to cooperate with its attempts to have him voluntarily depart to Mexico and this court has been unable to identify any.

[2] Respondent does include in its opposition information regarding petitioner's criminal history and an authenticated rap sheet detailing that history, but makes no argument regarding the import of this criminal history in connection with the pending petition. (Doc. No. 8-2.) The court again reminds respondent's counsel to not clog the docket with irrelevant evidence. *See Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-04177-DAD-CSK, 2026 WL 1679463, at *1 n.1 (E.D. Cal. June 10, 2026) (explaining that, under binding Ninth Circuit precedent, criminal history is not relevant to the inquiry established in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and admonishing counsel for including evidence of that history without making any argument regarding that history).

     a.    Respondent is ORDERED to immediately release petitioner Antonio Cuni Medina, A-File No. 023-220-521, from respondent's custody on the conditions, if any, he was subject to prior to his detention on April 2, 2026;

     b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.    Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.    Petitioner's motion to appoint counsel is DENIED as moot;

4.    Respondent's motion for an extension of time to file its opposition (Doc. No. 7) is DENIED as having been withdrawn (*see* Doc. No. 8 at 2);

5.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**                _____

                                    DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE